UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAMIAN BALCOM | ) | |
| | ) | |
| v | ) | 2:06-CV-32 |
| | ) | |
| COCKE COUNTY, | ) | |
| TENNESSEE, *ET AL.* | ) | |
| | ) | |

# MEMORANDUM OPINION AND ORDER

This plaintiff's complaint is before the Court on the motion for summary judgment filed by two of the defendants, Judith Mayes and Leashia Reece [Doc. 24]. The plaintiff has not responded to the motion for summary judgment and the time for response has expired. The plaintiff's failure to respond, in and of itself, may serve as grounds for the granting of the defendants' motion. LR 7.2 of the Local Rules of the United States Court for the Eastern District of Tennessee. Nevertheless, the Court will address the merits of the defendants' motion.

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue of material fact." *Fed.R.Civ.P.* 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a

light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because she is the litigant opposing summary judgment. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*:

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

*Id.* at 871.

**Background**

Viewing the facts in the light most favorable to the plaintiff, the following sets forth the background of this dispute:

On February 7, 2005, the plaintiff stopped at the Hartford Citgo in Cocke County, Tennessee, to purchase gasoline for his car. As he was pumping gasoline into his vehicle, the plaintiff realized he had forgotten his wallet. The plaintiff stopped the pump, having dispensed only $5.51 worth of gasoline. The plaintiff then entered the store and informed Judith Mayes and Leashia Reece, employees of the Hartford Citgo, that he did not have the ability to pay for the gasoline he had pumped. The plaintiff's complaint indicates that his request that he leave some collateral for payment was refused and he then contacted a friend to obtain a credit card number to purchase the gasoline. Ms. Mayes and Ms. Reese attempted to run the credit card number given them by the plaintiff, but the number did not "go through." The plaintiff who, by his own testimony, weighed 220 pounds, and stood a foot taller than Ms. Mayes and Ms. Reese then raised his voice and began to use profanity. At this time, it was dark and the Hartford Citgo is located in an isolated area.

Either Ms. Mayes or Ms. Reese called the Sheriff's Department, and informed the Sheriff's Department that Mr. Balcom purchased gasoline, lacked the money to pay for it, and had raised his voice. In response to this call, Sgt. Richard

3

Caldwell arrived at the Hartford Citgo and arrested the plaintiff for theft of property under $500.00. The plaintiff was later released on bond and the grand jury handed down an indictment against the plaintiff for theft of property under $500.00. Charges against the plaintiff were eventually dropped, the plaintiff agreeing to pay restitution to Hartford Citgo.

The plaintiff filed a complaint in this Court against Cocke County, Tennessee, Ms. Mayes and Mrs. Reese for violation/deprivation of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, false arrest, malicious prosecution, and abuse of process.

**42 U.S.C. § 1983**

In order for the plaintiff to establish a claim under § 1983 against Ms. Mayes and Ms. Reese, private individuals, the plaintiff must identify rights secured by the Constitution or other federal law and a deprivation of that right by the defendants while acting under color of state law. *Wolotsky v. Huhn*, 960 F. 2d 1331 (6th Cir. 1992). In *Wolotsky*, the Sixth Circuit, summarizing Supreme Court authority, found that there are three situations by which a private person may act under the color of law pursuant to § 1983. *Id.* Determination of whether a private person is acting under color of state law is by application of the public function test, the state compulsion test, and the symbiotic relationship test. *Id.* at 1335. The

applicability of any of the three tests to a private individual is sufficient to establish a claim under § 1983.

Under the public function test, the private party must "exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain." *Id.* (citation omitted). The plaintiff only alleges that Ms. Mayes and Ms. Reese called the police and described the plaintiff's actions. This notification of the sheriff's department certainly did not involve the exercise of any power traditionally reserved to the state.

"[T]he state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* (citations omitted). The plaintiff has presented no evidence that Cocke County exercised any coercive power over Ms. Mayes and Ms. Reece to encourage them to report the plaintiff's actions to the sheriff's department.

"Under the symbiotic relationship or nexus test, the action of a private party constitutes state action where there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* (citation omitted). There is no evidence of any symbiotic relationship between Ms. Mayes and Ms.

5

Reece or their employer, Hartford Citgo, and thus the plaintiff has not satisfied this test.

For the foregoing reasons, the plaintiff's claim against Ms. Mayes and Ms. Reece under § 1983 must be dismissed.

**False Imprisonment**

"The elements of the tort of false imprisonment are: (1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W. 2d 656, 659 (Tenn. 1990). The proof before the Court does not establish that Ms. Mayes or Ms. Reece restrained or detained the plaintiff against his will. Rather, the proof reflects that the plaintiff voluntarily remained in the Hartford Citgo, knowing that the sheriff's department had been contacted. Accordingly, the plaintiff's claim against Ms. Mayes and Ms. Reece for false imprisonment will be dismissed.

**Malicious Prosecution**

In order to establish a claim for malicious prosecution, a plaintiff must prove "that a criminal proceeding has been instituted by the defendants against the plaintiff, that such proceeding terminated in favor of the accused, that there was an absence of probable cause, and that there was malice or a primary purpose other

than that of bringing the offender to justice." *Smith v. Harford Mutual Ins. Co.*, 751 S.W. 2d 140, 143 (Tenn. Ct. App. 1987). "A showing of a lack of probable cause will give rise to a rebuttable presumption of malice. *Id.* (citation omitted). A showing of malice, however, raises no presumption of lack of probable cause." *Id.* (citation omitted)

   The facts before the Court reflect that the only participation Ms. Mayes and Ms. Reece had in the prosecution of the plaintiff was their initial report to the sheriff's department. Following the plaintiff's arrest, a grand jury handed down an indictment, thus establishing probable cause against the plaintiff. Further, because the prosecution was handled by the State, the advice of counsel constitutes a defense to the malicious prosecution claim. *Sullivan v. Young*, 678 S.W. 2d 906, 911 (Tenn. Ct. App. 1984). Where the prosecution has been handled by a prosecuting attorney, and further, there has been a probable cause determination by a grand jury, a malicious prosecution action will only lie where the defendants have mistated or withheld facts from the prosecuting authority. *Id.* A defendant will not be liable for a malicious prosecution simply because she has furnished information to the authorities. *Id.* at 912. Accordingly, the plaintiff's claim against Ms. Mayes and Ms. Reece for malicious prosecution must be dismissed.

**Abuse of Process**

A claim for abuse of process requires the establishment of two elements: "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Bell, ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 896 S.W. 2d 550, 555 (Tenn. 1999). "Abuse of process differs from malicious prosecution in that abuse of process lies 'for the improper use of process *after* it has been issued, not for maliciously causing process to issue.'" *Id.* (emphasis in original). "'[T]he gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" *Id.* (citing to W. Page Keeton, et al, *Prosser and Keeton On The Law Of Torts*, § 121 at 897 (5th Ed. 1984)).

The evidence before the Court does not reflect that the plaintiff has any proof that Ms. Mayes or Ms. Reece took any improper actions in the use of process. The plaintiff is apparently unable to prove that Ms. Mayes or Ms. Reece made any false statements or even had any involvement after the plaintiff's arrest. Accordingly, the plaintiff's abuse of process claim against Ms. Mayes and Ms. Reece must be dismissed.

For the foregoing reasons, the defendants' motion for summary

judgment is **GRANTED**, and plaintiff's complaint against Ms. Mayes and Ms. Reece is **DISMISSED WITH PREJUDICE**. [Doc. 24].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE